IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                               CRIMINAL ACTION NO. 2:19-cr-00039

HARVEY O'DELL BOOKER

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Harvey Booker's pro se motion for compassionate release. [ECF No. 54]. In the motion, Mr. Booker argues that he suffers from serious and terminal health conditions that constitute "extraordinary and compelling reasons" for his release. However, because I find that Mr. Booker has not demonstrated extraordinary and compelling reasons, his motion is **DENIED**.

For me to reduce Mr. Booker's sentence under compassionate release, I must find that Mr. Booker has exhausted his administrative remedies and demonstrated "extraordinary and compelling reasons," and find that his release would be consistent with the 18 U.S.C. § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); 18 U.S.C. § 3582(c)(1)(A).[1] I begin with the "extraordinary and compelling reasons" analysis

---

[1] Many of the compassionate release motions that I have decided recently have been related to the COVID-19 pandemic. Those motions required me to determine i) whether the petitioner demonstrated that he has a diagnosis of a condition that the CDC categorizes as one that puts him at an increased risk of serious illness or death should he contract COVID-19; and ii) whether the petitioner demonstrated that he is imprisoned in a BOP facility that is unable to control the spread of

because it is dispositive here.

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[2] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *See McCoy*, 981 F.3d at 284 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). "District Courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Mr. Booker argues that he has a terminal illness and that he has a severely diminished ability to care for himself while in BOP custody. According to Mr. Booker,

---

the virus. *See, e.g.*, *United States v. Owens*, 2020 WL 6162783, No. 2:13-cr-00073 (S.D. W. Va. Oct. 21, 2020). Though Mr. Booker raises some concerns about the COVID-19 pandemic, he clarifies in his Reply that the instant motion is "not based off of COVID." [ECF No. 57, at 2]. Rather, Mr. Booker is arguing that his medical conditions are sufficiently serious to justify compassionate release, even aside from the COVID-19 pandemic.

[2]The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

he suffers from "Acute Renal Failure superimposed on stage three Kidney Disease, and Chronic Myeloid Leukemia." [ECF No. 53, at 7]. He argues that his kidney disease is "end-stage" and therefore meets the definition of a terminal illness. The Government points out that "end-stage" kidney disease is stage 5, where kidney function is less than 15%. [ECF No. 55, at 10–11 (citing *End-stage renal disease*, Diagnosis and Treatment, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/diagnosis-treatment/drc-20354538)]. Nevertheless, because I am not bound by the policy statement, Mr. Booker's renal failure need not be considered "end-stage" to justify compassionate release so long as I find it to be "extraordinary and compelling."

In this case, however, I do not find Mr. Booker's combination of health conditions to be extraordinary and compelling such that they justify compassionate release at this time. When Mr. Booker was sentenced, the court was aware of his serious medical conditions, including his Chronic Myeloid Leukemia and hypertension. Mr. Booker's guideline sentencing range was 120 months, but I varied downward to a sentence of 78 months, in part, because I accounted for Mr. Booker's health conditions and the added burden those would place on him throughout his incarceration. [ECF No. 40]. Since the time of his sentencing, Mr. Booker's medical records reveal that his leukemia has "achieved molecular remission." [ECF No. 55-1, at 30]. The only medical condition Mr. Booker suffers from now that I did not consider at sentencing is his Chronic Kidney Disease ("CKD"). I do not find that the addition of this medical condition is sufficiently extraordinary and compelling to justify

3

compassionate release. Despite his contention that the contention is terminal and currently end-stage, Mr. Booker's medical records indicate that as of July 7, 2021, his CKD was considered stage two. *Id.* at 758. According to the Mayo Clinic, stage two CKD results in "mild loss of kidney function." *End-stage renal disease*, Diagnosis and Treatment, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/diagnosis-treatment/drc-20354538. It is characterized by a glomerular filtration rate ("GFR") of 60-89.[3] Mr. Booker's medical records reveal that his GFR was within this range during routine testing that took place from September 30, 2020, to June 1, 2021. [ECF No. 55-1, at 600, 613, 617, 624, 675, 692, 716, 723]. The only exception was a single test on February 23, 2021, where Mr. Booker's GFR was 59. *Id.* at 646.

While I recognize that Mr. Booker does suffer from serious medical conditions, it appears he is receiving adequate treatment and his status is being carefully monitored by his treatment providers. Based on the evidence before me, I cannot find that his current status presents extraordinary and compelling reasons for release. I carefully considered Mr. Booker's fragile medical state at his sentencing, and I varied downward substantially and "STRONGLY recommend[ed] [to the BOP] that the defendant be housed at a facility that can provide the best possible medical care for leukemia and the defendant's other medical needs." [ECF No. 38 (emphasis in

---

[3] Per the Mayo Clinic, "[t]o determine what stage you have, your health care provider performs a blood test to check your glomerular filtration rate (GFR). The GFR measures how much blood the kidneys filter each minute, recorded as milliliters per minute (mL/min). As the GFR declines, so does your kidney function. When your kidneys no longer work at a level that's necessary to keep you alive, you have end-stage renal disease. End-stage renal disease usually occurs when kidney function is less than 15% of typical kidney function." *End-stage renal disease*, Diagnosis and Treatment, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/diagnosis-treatment/drc-20354538.

original)]. The changes in Mr. Booker's medical status since that time are not so extraordinary and compelling as to justify compassionate release. The Motion [ECF No. 53] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

                ENTER:    November 23, 2021

                */s/ Joseph R. Goodwin*
                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE